UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISON

| | |
|---|---|
| United States Of America, | |
| Plaintiff, | Case No: 22-CR-20187 |
| v. | Hon. Thomas L. Ludington<br>United States District Judge |
| D9-Jarquaze Anthony Townsend, | Hon. Patricia T. Morris<br>United States Magistrate Judge |
| Defendant. | |

**Plea Agreement**

The United States of America and the defendant, Jarquaze Townsend, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.    Count of Conviction**

The defendant will waive his right to an indictment and plead guilty to Count 1 of the superseding information. Count 1 charges the defendant with possession with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

2. **Statutory Maximum Penalty**

The defendant understands that the count to which he is pleading guilty carries the following statutory penalty:

| Count 1 | Term of imprisonment: | Up to 20 years |
| --- | --- | --- |
| | Fine: | Up to $1,000,000 |
| | Term of supervised release: | At least 3 years |

3. **Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for possession with intent to distribute more than 50 grams of methamphetamine and for possession of a firearm in furtherance of a drug trafficking crime.

4. **Elements of Count of Conviction**

<u>The elements of Count 1 are:</u>

1. The defendant knowingly possessed cocaine; and
2. The defendant intended to distribute the cocaine.

5. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On or about May 5, 2022, in the Eastern District of Michigan, at a residence in Saginaw, Michigan, Townsend knowingly possessed at least 500 grams but less than two kilograms of cocaine and 84 grams of methamphetamine, all of which he intended to distribute with the assistance of Teyana Frills, who stayed at the residence. Townsend also possessed four firearms at the residence along with the cocaine and methamphetamine and he was a leader in the conspiracy to distribute controlled substances.

6. **Advice of Rights**

The defendant has read the superseding information, has discussed the charge and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

D. The right to an appointed attorney, if the defendant cannot afford to retain one;

E. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

F. The right to confront and cross-examine adverse witnesses at trial;

G. The right to testify or not to testify at trial, whichever the defendant chooses;

H. If the defendant chooses not to testify, the right to have the jury informed that it may not treat that choice as evidence of guilt;

I. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

J. The right to compel the attendance of witnesses at trial.

7. **Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote,

right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

**8.    Safety Valve**

The parties agree that the defendant is not eligible for the safety valve in 18 U.S.C. § 3553(f).

**9.    Defendant's Guideline Range**

    **A.    Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

    **B.    Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct

inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1— the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provision applies to the defendant's guideline calculation on Count 1:

That pursuant to USSG § 2D1.1(a)(5)(c)(8), the defendant possessed with the intent to distribute at least 500 grams of cocaine and at 84 grams of methamphetamine. The combined converted drug weight is 268 kilograms and therefore a base offense level of 24 is appropriate.

That pursuant to USSG § 2D1.1(b)(1), dangerous weapons were possessed, therefore a two-level enhancement is appropriate.

That pursuant to USSG § 3B1.1(c), the defendant was a leader in the criminal conspiracy to distribute cocaine and methamphetamine and therefore a two-level enhancement is appropriate.

### D. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 5, 9.B, and 9.C. Other than the guideline recommendations and factual stipulations in those paragraphs, however, neither party is restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 5, 9.B. and 9.C. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

### 10. Imposition of Sentence

#### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a) and apply any applicable mandatory minimums.

#### B. Imprisonment

##### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant be sentenced at the top of the guideline range as determined by the Court.

##### 2. No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this agreement, the government will be permitted to withdraw from this agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the Court impose a three-year term of supervised release.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 10.C.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. The defendant also understands that the government's agreement concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit to the United States the following firearms and related ammunition seized from the residence located on Graceridge, Saginaw, MI:

Radical firearms, multi caliber rifle with scope, bearing serial number 20-011500;

DPMS Panther Arms, multi caliber rifle bearing serial number FFH163812;

Sig P220, .40 caliber semi-automatic pistol bearing serial number G187514;

.38 special HWM revolver, serial number 1719443, loaded with six rounds of ammunition;

Numerous rifle magazines, one pistol magazine, a box of ammunition, loose rifle and pistol rounds.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States at, or any time before, his sentencing in this case as mandated by Federal Rule of Criminal Procedure 32.2. The defendant agrees that the forfeiture order(s) will become final as to him at the time entered by the Court.

In entering into this agreement with respect to forfeiture, the defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above identified assets as provided by Federal Rule of Criminal Procedure 32.2(b)(5).

The defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges to the above-described forfeiture based upon

the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. The defendant further agrees to hold the United States, its agents and employees, and any federal and local law enforcement agency involved with this matter harmless from any claims whatsoever in connection with the seizure, detention, forfeiture and/or destruction of the property referenced above.

The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J). The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

**F.  Special Assessment**

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

**11.  Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

12. **Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

13. **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge

those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

14. **Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

15. **Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

16. **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation

agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**17. Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on April 14, 2023. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____
Anthony P. Vance
Chief, Branch Offices
Assistant United States Attorney

Dated: 03/13/2023

_____
Timothy M. Turkelson
Assistant United States Attorney

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

/s/ Ray Richards
_____
Ray Richards
Attorney for Defendant

_____
Jarquaze Townsend
Defendant

Dated: May 18, 2023